**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ROY CAMPBELL,
　　　　　　*Defendant-Appellant.*

No. 01-4538

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-419)

Submitted: April 16, 2002

Decided: May 16, 2002

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jeffrey W. Norris, KILLIAN, KERSTEN, PATTON & KIRKPAT-
RICK, P.A., Waynesville, North Carolina, for Appellant. J. Strom
Thurmond, Jr., United States Attorney, A. Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Roy Campbell appeals his conviction and 210 month sentence entered pursuant to his guilty plea to conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001). At sentencing, the district court held Campbell had a total offense level of 31 and a criminal history of VI, subjecting Campbell to an incarceration period of 188 to 235 months; the court sentenced Campbell to 210 months incarceration, five years of supervised release, and a $100 special assessment.

Campbell timely appealed, raising four issues. First, Campbell alleges his plea agreement was involuntary because he was not sufficiently informed of the drug quantity for which he was liable. We review whether a plea agreement was entered voluntarily de novo. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999). Campbell was repeatedly informed of his liability for in excess of fifty grams of cocaine base, and acknowledged his liability for this quantity during his plea colloquy; consequently, this claim is meritless. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1993).

Second, Campbell alleges the district court erred in determining the drug quantity for which he was liable. We review a sentencing court's findings regarding the quantity of controlled substance for clear error. *United States v. D'anjou*, 16 F.3d 604, 614 (4th Cir. 1994). The Government established Campbell conspired to sell 2.5 ounces of cocaine base; consequently, this claim is meritless. *United States v. Randall*, 171 F.3d 195, 211 (4th Cir. 1999); *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993).

Third, Campbell asserts the district court erred in finding he possessed a firearm during the course of his drug offense. A district court's determination as to whether a firearm was present and justifies enhancement is a factual determination reviewed for clear error. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). The Government established Campbell carried a firearm during the course of his drug offense; consequently, this claim is meritless. *U.S. Sentenc-*

*ing Guidelines Manual* § 2D1.(b)(1) (2000); *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

Fourth, Campbell argues the district court erred in denying Campbell credit for acceptance of responsibility. The record reveals the district court credited Campbell's offense level with a three point reduction for acceptance of responsibility; consequently, this claim is meritless. USSG § 3E1.1.

Accordingly, we affirm Campbell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*